UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JAMIE RAY WARE**<br>    LA. DOC #454293 | * | CIVIL ACTION NO. 3:10-cv-1844 |
| **VERSUS** | * | JUDGE ROBERT G. JAMES |
| **BURL CAIN, WARDEN** | * | MAG. JUDGE KAREN L. HAYES |

<u>REPORT AND RECOMMENDATION</u>

    Proceeding *pro se* and *in forma pauperis*, petitioner Jamie Ray Ware filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 16, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. Petitioner attacks his convictions for three counts of attempted first degree murder and one count of armed robbery, his adjudication as a multiple offender, and the concurrent sentences totaling sixty-three years that were imposed by Louisiana's Third Judicial District Court, Lincoln Parish.

    This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

BACKGROUND

    On May 27, 2005, Petitioner was convicted of three counts of attempted first degree murder and one count of armed robbery; thereafter, he was adjudicated a second felony offender and sentenced to serve concurrent sentences totaling sixty-three years. [State Court Record

("R.") pp. 2218-20]. Petitioner appealed his convictions and sentences to the Second Circuit Court of Appeals, arguing that: (1) the evidence was insufficient with regard to the attempted first degree murder convictions; (2) he was improperly adjudicated a second offender; (3) his sentence was excessive; and, (4) in a *pro se* assignment of error, Petitioner argued ineffective assistance of counsel based on counsel's failure to call Petitioner's co-defendant as a witness at trial. *See State of Louisiana v. Jamie Ray Ware*, 41,343 (La. App. 2 Cir. 9/27/06); 2006 WL 2742314. On September 27, 2006, that Court affirmed his convictions, his adjudication as a second offender, and the sentences imposed. *Id.*

Petitioner did not seek further direct review in the Louisiana Supreme Court. Instead, on December 17, 2006, he filed an application for post-conviction relief in the Third Judicial District Court, apparently re-urging his ineffective assistance of counsel claim. [Doc. # 1, p. 1]. Thereafter, on April 27, 2007, the State filed a memorandum in opposition to Petitioner's application. [*Id.*; *see also* Doc. # 7, Exh. 1]. Petitioner claims that the State's Answer was filed on May 27, 2007 [Doc. # 1, p. 1]; however, the Certificate of Service appended to the State's Answer certifies that a copy of the State's pleading was served upon Petitioner at Angola on April 27, 2007. [Doc. # 7, Exh. 1, p. 7]. The pleadings do not suggest, nor does Petitioner assert, that he did not receive a copy of the State's Answer.

On December 10, 2007, the district court denied Petitioner's application for post-conviction relief and ordered the Lincoln Parish Clerk of Court "to notify the District Attorney, petitioner, petitioner's counsel of record, and his custodian by certified copy hereof." [Doc. # 7, Exh. 4]. Petitioner claims that he did not receive a copy of the ruling denying his application for post-conviction relief. [Doc. # 1, p. 2]. A review of the record shows that on December 10, 2007, the Lincoln Parish Clerk of Court mailed to Petitioner a copy of the court's ruling along

with a cover letter; the interior address on the cover letter indicates that it was mailed to Petitioner at Angola. [R. p. 1013]. A copy of this same cover letter again appears in the Clerk's record bearing a mail "Received" stamp dated December 14, 2007, with a handwritten notation "Returned – not delivered." [R. p. 1014].

On July 9, 2009, Petitioner submitted a "status request" to the Lincoln Parish Clerk of Court. [Doc. # 7, Exh. 2]. The request stated, "Applicant now seeks a status request and be provided with information in regard to the delay related to the above pleadings, not being rendered a ruling due to such delay. Applicant is being unduly delayed from seeking further judicial review of his conviction . . . ." *Id.* According to Petitioner, he received no response.

On August 20, 2009, Petitioner filed an application for writ of mandamus requesting a copy of the judgment on post-conviction relief, and also requesting an evidentiary hearing. [R. pp. 1026-29]. Petitioner's request for a hearing was denied by the district court in an order filed on August 28, 2009. [R. p. 1030]. On that same date, Petitioner was mailed notice of the ruling and a copy of the December 10, 2007, order in which the district court had denied his application for post-conviction relief. [R. pp. 1030, 1035]. Petitioner acknowledges receipt of the trial court's denial of his writ of mandamus (filed by the court on August 28, 2009), and the copy of the ruling dated December 10, 2007, which was sent to him by the clerk on August 28, 2009. [Doc #1, p. 3].

On September 2, 2009, the district court denied Petitioner's request for a hearing and supplied him with a copy of the December 10, 2007, order of the district court denying his application for post-conviction relief. [Doc. #1, p. 3]. Petitioner sought review in the Second Circuit and, on October 29, 2009, relief was denied by that court in a matter bearing Docket Number 45,097-KH. [R. p. 2343]. On November 30, 2009, Petitioner filed a writ application in

the Louisiana Supreme Court, and on November 12, 2010, his writ application was denied without comment.  [R. p. 2344]; *State of Louisiana ex rel. Jamie Ray Ware v. State of Louisiana*, 2009-2572 (La. 11/12/10); 49 So.3d 881.

Petitioner filed the instant petition on December 16, 2010.  [Doc. # 1].  He argues two claims for relief: (1) ineffective assistance of counsel based on trial counsel's failure to call Petitioner's co-defendant as a witness; and (2) the trial court erred in denying Petitioner's application for post-conviction relief.[1]  *Id.*

The State filed a response to the habeas corpus petition on October 6, 2011, arguing that the petition was untimely and that equitable tolling does not apply; the State also addressed the merits of the petition.  [Doc. # 17].  In his October 26, 2011, response, Petitioner claims he is entitled to equitable tolling because the state court failed to timely advise him that his application for post-conviction relief was denied and thus no longer pending.  [Doc. # 20].  He also claims that while the matter was pending, he was summoned to court in Caddo Parish and was forced to leave his personal property at Angola.  He argues that upon his return the property, including relevant legal documents, had been lost, and the resulting delay prevented him from filing a timely federal habeas petition.  *Id.*

## LAW AND ANALYSIS

I.      **Timeliness under § 2244(d)(1)(A)**

---

[1] In a February 7, 2011, memorandum order, Petitioner was ordered to provide the undersigned with various documents needed to complete an initial review of the case. [Doc. # 6]. Petitioner provided some, but not all, of the documents he was directed to provide. [Doc. # 7]. The undersigned issued another order on April 26, 2011, directing Petitioner to provide the remaining documents. [Doc. # 8]. Petitioner filed a response, claiming that he had been summoned to court for unrelated charges, and was forced to leave his personal property at Angola. [Doc. # 9]. Upon his return he discovered that all his property had been lost; thus, he could not provide the remaining documents. *Id.*

Title 28 U.S.C. § 2244(d)(1), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as Petitioner, who are in custody pursuant to the judgment of a state court. This limitations period runs from the latest of several events described in the statute; however, the only date applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[2] 28 U.S.C. § 2244(d)(1)(A).

When a habeas petitioner has pursued direct relief through the highest court of his state, "his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). However, "if the defendant stops the appeal process before that point," as Ware did here, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

Petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeals on September 27, 2006. Petitioner had thirty days from that date, or until October 27,

---

[2] Nothing in the record suggests that any State-created impediments prevented the filing of this petition. *See* 28 U.S.C. § 2244(d)(1)(B). Although Petitioner argues that the state court failed to timely advise him of the denial of his application for post-conviction relief, such claims are generally considered in the context of equitable tolling, and will be so considered here. *See infra* Section B; *Coker v. Quarterman*, 270 Fed. App'x 305 (5th Cir. 2008); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). Further, the claims asserted do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, petitioner may not rely upon the provisions of § 2244(d)(1)(D), as there is no indication of any newly discovered evidence which might affect the reckoning of the limitations period.

2006, to file his writ application with the Louisiana Supreme Court. *See* Louisiana Supreme Court Rule X, § 5(a). When he failed to do so, his conviction became final on that date; therefore, the one-year period for petitioning for federal habeas relief began on that date as well. Petitioner's time period for filing his federal *habeas corpus* suit thus expired on October 27, 2007, unless that deadline was extended through statutory or equitable tolling.

    A.    **Statutory Tolling**

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2); *see also Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). Any lapse of time *before* the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007). Finally, federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Petitioner was able to toll limitations pursuant to the provisions of § 2244(d)(2) during the period of time that his application for post-conviction relief remained pending. According to his pleadings, the application for post-conviction relief was filed on December 17, 2006. However, a total of fifty-one days of the limitations period elapsed between the date that his judgment became final (October 27, 2006) and the date he filed his application for post-conviction relief (December 17, 2006). As noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court must be counted against the one-

year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). The limitations period was then tolled until December 10, 2007, when Petitioner's application was denied by the district court. His post-conviction proceeding ceased to be "properly filed" as of this date because Petitioner failed to seek further review with the Louisiana Second Circuit Court of Appeal or in the Louisiana Supreme Court. *See Ward v. Terrell*, No. 10-1235 (W.D. La. 9/8/11); 2011 WL 5570137.

On September 30, 2009, Petitioner sought review in the Second Circuit, but by this time Petitioner could no longer rely on the statutory tolling provided by § 2244(d)(2). Specifically, the one year-limitations period expired during the nearly twenty-two months between the denial of Petitioner's application in December 2007 and his filing of the appeal with the Second Circuit in September 2009. Thus, unless Petitioner is entitled to equitable tolling, the instant petition is clearly time-barred.

    **B.**    **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In other words, equitable tolling "is not available to those who sleep on their rights." *Wickware v. Thaler*, 404 Fed. App'x 856, 861 (5th Cir. 2010) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Delayed notice alone does not necessarily invoke the doctrine of equitable tolling; rather, a habeas petitioner relying on a delay in receiving notice bears the burden of establishing (1) delayed notice of the denial of his state petition, (2) that he diligently attempted to ascertain the status of the state court's order, and (3) that the delay prevented the inmate from filing a timely federal habeas petition. *Kennedy v. Hernandez*, No. 07-1451, 2008 WL 4378183, at *7 (C.D. Cal. Aug. 25, 2008) (citing other sources); *see also Stroman v. Thaler*, 603 F.3d 299 (5th Cir. 2010) (finding that although petitioner had received delayed notice of the state court decision, he was not entitled to equitable tolling because he waited eighteen months before making a second inquiry into the status of his application).

Petitioner first claims that he is entitled to equitable tolling because the Third Judicial District Court failed to timely advise him that his application for post-conviction relief was denied and thus no longer pending. [Doc. # 20, pp. 6-7]. He argues that this prevented him from timely filing his federal habeas petition. *Id.* at p. 7. Petitioner also claims that he was summoned to court in Caddo Parish on an unrelated matter while his application for post-conviction relief was pending before the state court. *Id.* Specifically, he alleges that he was taken to the Caddo Correctional Center on May 29, 2007, and was forced to leave all his personal property at Angola, including relevant legal documents. When he returned to Angola on October 20, 2008, he discovered that all his property had been lost. *Id.* This argument also implies that he did not receive notice of the denial of his application because it was sent to Angola during the time he

was incarcerated in Caddo Parish.

The evidence certainly suggests that this is in fact what occurred; nevertheless, Petitioner cannot satisfy his burden of proving that he pursued his rights diligently. Petitioner was mailed the State's Answer on April 27, 2007. Just over a month later, he was apparently summoned to court and incarcerated in Caddo Parish. It appears that he did nothing to notify the Clerk of Court of any change of address at this time. After the ruling on his post-conviction application in December 2007, prompt notice was sent to Angola at the address Petitioner had previously provided. Moreover, the record reflects that Petitioner took no action at all to ascertain the status of his application until filing his "Status Request" on July 9, 2009. Petitioner thus cannot show that he diligently pursued his claim when he failed to provide a change of address and when the record indicates he took no action for over two years after he was served with the State's Answer.

Thus, equitable tolling is unavailable, and the instant habeas petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Dismissal on these grounds is therefore recommended.

## CONCLUSION AND RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACHING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of December, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE